UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO.  06-101-M-05 (JMF) |
| SILVIO MORALES NUNEZ | : | |

DEFENDANT'S REQUEST FOR WITHDRAWAL OF IMMIGRATION
HOLD AND ORDER FOR IMMEDIATE RELEASE

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3142, respectfully requests that this honorable court vacate its current order mandating that the defendant not be release until March 23, 2006, and order his immediate release.. In support of this request, the defendant states the following:

1. The defendant , along with four other individuals, was charged with a conspiracy to distribute more than 500 grams of cocaine. At his initial appearance on March 13, 2006, the government requested that he be detained pursuant to 18 U.S.C. §3142(e)(3) which prescribes detention pending a hearing pursuant to subsection (f).  That hearing shall be held immediately unless either party requests and is granted a continuance.  Additionally, because of its belief that the defendant was an illegal alien, the government moved for temporary detention under subsection (d)(1)(A)(iii)(B) which permits a "ten day hold" for individuals whose immigration status is in question.

2. While the court granted both of these holds, the government agreed to hold a combined preliminary/detention hearing on March 16, 2006.  Following an evidentiary hearing, this

honorable court concluded that the government had not established probable cause and dismissed the case against the defendant. Noting that it had not confronted a case in which the matter was dismissed prior to the expiration of the ten day hold, the court, over the objection of counsel, ordered that the defendant not be released until March 23, 2006, the approximate expiration of the 10 day immigration hold. The court invited counsel to submit any authority or argument that was relevant to this novel question.

    3. Obviously, any question of statutory interpretation must begin with the plain language of the statute. The initial paragraph of §3142 provides the statute applies to a "person charged with an offense." The statute then goes on to detail the various bail possibilities that the a judicial officer has at his or her disposal. Clearly, those measures only apply to those charged with an offense since conditions of release (or detention) would be inapplicable to a person who is not so charged. The defendant submits that when the court concluded that the government had not established probable cause, he ceased to fall within the definition of those individuals to which the statute applies. Similarly, if the court, upon the defendant's initial appearance, had concluded that the complaint and affidavit were factually insufficient, would it have entertained any request for detention? Clearly not.

    4. The difference in this case from the hypothetical is that the government requested, and was granted the ten day hold. The government did, however, agree to hold the preliminary hearing three days later. While the case law indicates that the government could have requested that a hearing not be held for ten days, see United States v. Becerra-Cobo, 790 F.2d 427 (5th Cir. 1986), it chose not to do so. Consequently, it must live with the result of the court's finding concerning probable cause. It should be noted that institutional delay at the D.C. Jail regarding

release is so common that the government can likely alert ICE agents to take the steps that will assure the defendant's continued detention before his release. Nevertheless, absent a cognizable "charge," this court has no basis to hold Mr. Nunez or to delay his release.

     5. As further authority for his entitlement to immediate release, the defendant would point for Rule 5.1(d) of the Federal Rules of Criminal Procedure. That section provides in pertinent part:

> If the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant.

The defendant submits that while the complaint has been dismissed, he has not been discharged. He respectfully contends that this failure to discharge constitutes an unlawful detention that should be remedied immediately.

     WHEREFORE, for the foregoing reasons, the defendant respectfully requests that his motion be granted, and that his immediate release be ordered.
.

_____
Edward C. Sussman, No. 174623
Counsel for Defendant Nunez
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was served electronically on AUSA Arvin Lal, Gang Prosecutions, 555 4th Street N.W., Washington, D.C. 20530, this 17th day of March, 2006.

_____
Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. NO. 06-101-M-05 (JMF) |
| SILVIO MORALES NUNEZ | : |

O R D E R

The court has before it the unopposed request of the defendant that he be immediately released in this matter. The court finds that the defendant has advanced good cause for this request and that he is no longer charged within the meaning of 18 U.S.C. §3142. It is, therefore, this _____ day of March, 2006,

ORDERED, that the motion be, and hereby is, granted.

FURTHER ORDERED, that the D.C. Jail be ordered to immediately release Silvio Morales Nunez, DCDC No. 309-659.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

cc: Arvin Lal, Esq.
U.S. Attorney's Office
555 4th Street N.W.
Washington, D.C. 20004

Edward C. Sussman, Esq.
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004